NO. 26079

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

NATHAN R. BRENNER, Respondent.

ORIGINAL PROCEEDING
(ODC 03-215-7815, 03-264-7864, 03-275-7875, 03-285-7885,
03-301-7901, 03-303-7903, 03-323-7923, 03-335-7935, 03-374-7974,
03-004-7984, 07-055-8515, 07-056-8516, 07-126-8586, 07-127-8587,
07-128-8588, 07-129-8589, 10-001-8835)

ORDER ALLOWING RESIGNATION IN LIEU OF DISCIPLINE
(By: Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Upon consideration of the Office of Disciplinary
Counsel's "Petition for Order Granting Request of Nathan R.
Brenner to Resign From the Practice of Law in Lieu of Discipline"
and the memorandum, affidavit, and exhibit in support thereof, it
appears the Petition is supported by Respondent Brenner's
affidavit, and the affidavit meets the requirements of Rule
2.14(a) of the Rules of the Supreme Court of the State of Hawai‘i
(RSCH). In sum, Respondent Brenner admits to multiple instances
in which he was retained, paid, did little or no work, neglected
or abandoned his clients, failed to keep proper account or
account to his clients and surrender property to them, and
misappropriated money, in violation of Rules 1.1, 1.3, 1.4, 1.15,
1.6, 3.4, and 8.4 of the Hawai‘i Rules of Professional Conduct.
It further appears that Respondent Brenner is currently on
inactive status, has no practice to close, and the resignation
should be effective immediately, notwithstanding the provisions
of Rule 2.16(c) of the Rules of the Supreme Court of the State of
Hawai‘i. It further appears that Respondent Brenner's behavior
included multiple acts of misappropriation and that any
reinstatement must be predicated upon full restitution of all
misappropriated money. Therefore,

IT IS HEREBY ORDERED, pursuant to Rule 2.14 of the Rules of the Supreme Court of the State of Hawai'i, that the Petition is granted, and Respondent Brenner's request to resign in lieu of discipline is granted, effective immediately.

IT IS FURTHER ORDERED that any reinstatement is conditioned upon proof that Respondent Brenner has made full restitution of all misappropriated monies.

IT IS FURTHER ORDERED that (1) the Clerk shall remove Respondent Brenner's name from the role of attorneys licensed to practice law in this jurisdiction and (2) within thirty (30) days after entry of this order, Respondent Brenner shall submit to the Clerk of this court the original certificate evidencing his license to practice law in this jurisdiction.

IT IS FURTHER ORDERED that (1) Respondent Brenner shall comply with the requirements of RSCH Rule 2.16 and (2) the Disciplinary Board shall provide notice to the judges as required by RSCH Rule 2.16(f), but Respondent Brenner having been on inactive status since May 2, 2005, the Disciplinary Board need not publish the notice of disbarment that would otherwise have been required by RSCH Rule 2.16(e).

IT IS FINALLY ORDERED that Respondent Brenner shall pay to the Disciplinary Board all costs associated with these proceedings.

DATED: Honolulu, Hawai'i, July 19, 2010.

Puula O. Nakayama

James E. Duffy, Jr.

Mau E. Richmond